UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALBERTO NIEVES,<br>    Plaintiff, | : | CIVIL CASE NO.<br>3:18-cv-1530 (JCH) |
| v. | : | |
| STATE OF CONNECTICUT, et al.,<br>    Defendants. | : | DECEMBER 10, 2018 |

**INITIAL REVIEW ORDER**

**I.  INTRODUCTION**

The plaintiff, Alberto Nieves ("Nieves"), incarcerated at the Cheshire Correctional Institution in Cheshire, Connecticut, has filed a pro se Complaint (Doc. No. 1) under section 1983 of title 42 of the United States Code.  Nieves sought leave to proceed in forma pauperis.  (Doc. No. 2).  On October 1, 2018, the court granted Nieves' application.  (Doc. No. 8).

The Complaint names five defendants: the State of Connecticut, Commissioner Scott Semple, Warden Scott Erfe, Jane Doe, and John Doe.  Nieves contends that the defendants violated his Fourteenth Amendment rights and discriminated against him because the state court denied his motion to correct an illegal sentence.

Under section 1915A of title 28 of the United States Code, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  In reviewing a pro se complaint, the court must assume the truth of the allegations, and

interpret them liberally to "raise the strongest arguments [they] suggest[ ]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the Complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)); see also Tracy v. Freshwater, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for pro se litigants). However, notwithstanding this liberal interpretation, a pro se complaint will not survive dismissal unless the factual allegations meet the plausibility standard. See, e.g., Fowlkes v. Ironworkers Local 40, 790 F.3d 378, 387 (2d Cir. 2015).

## II.   ALLEGATIONS

Nieves, an Hispanic inmate, is currently serving a 45-year sentence for a crime he committed at age seventeen. See Compl. (Doc. No. 1) at 11 ¶ 13.[1] On December 4, 2015, he filed a motion to correct illegal sentence, arguing that his sentence violated the proscription against mandatory life imprisonment for persons under age eighteen set

---

[1] The paragraphs in the Complaint are not consecutively numbered. The paragraphs going from pages 10-11 are numbered: 7, 8, 9, 13, 8, 9, 10, 11, 12, 13 . . . .

forth in Miller v. Alabama, 567 U.S. 460 (2012). Id., ¶¶ 8-9. On June 8, 2016, Nieves attended a hearing on his motion. His motion was consolidated with similar motions filed by two other inmates, one Hispanic, the other African-American. Id., ¶ 10. The judge denied all motions, stating that 45 years was not a life sentence and noting the availability of parole. Id., ¶¶ 11-12.

## III. ANALYSIS

Nieves argues that state lawmakers treat Hispanic and African-American urban juvenile offenders differently than white suburban juvenile offenders and contends that resentencing decisions, like the one in his case, primarily affect Hispanic and African-American juvenile offenders. For relief he seeks damages and an order that he be re-sentenced.

Nieves contends that the state court refused to resentence him to a shorter term of imprisonment as required under Supreme Court law because he is Hispanic. Nieves must assert any claim affecting the duration of his custody in a petition for writ of habeas corpus, not a civil rights action. Preiser v. Rodriguez, 411 U.S. 475, 486 (1973). In addition, any claim for damages as a result of the failure to resentence Nieves must be dismissed. The Supreme Court has held that a state prisoner may not challenge his conviction in a suit for damages under section 1983, unless his conviction has been reversed on direct appeal or declared invalid in a collateral proceeding. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Accordingly, any claims that Nieves must be resentenced to a shorter term of imprisonment or seeking damages for the failure to resentence him are dismissed pursuant to section 1915A(b)(1) of title 28 of the United States Code.

Nieves also includes a general allegation that: "Faced with the decision of re-sentencing numerous Hispanic and African American urban juvenile offenders, state law makers engage in a pattern of racial discrimination." Compl. (Doc. No. 1) at 11-12 ¶ 13. No state legislators are named as defendants, and Nieves alleges only that one state court judge denied his motion to correct illegal sentence. See Compl. (Doc. No. 1) at 11 ¶¶ 8-11. Even if the Doe defendants, who are not further identified or mentioned in the description of claims, were presumed to be state legislators, the claims against them would be dismissed. State legislators are protected by absolute legislative immunity while carrying out their legislative functions. Hafer v. Melo, 502 U.S. 21, 29 (1991); see also U.L. v. New York State Assembly, 592 F. App'x 40, 41 (2d Cir. 2015) ("state legislator defendants enjoy immunity for their legislative acts").

Finally, the only identified defendants are the State of Connecticut, Commissioner Semple, and Warden Erfe. Nieves can not state cognizable claims against any of the three. The Eleventh Amendment divests the court of subject matter jurisdiction over any claims for money damages against a state unless the state has waived this immunity or Congress has abrogated it. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Neither section 1981 nor section 1983 abrogates Eleventh Amendment immunity.[2] See Bland v. New York, 263 F. Supp. 2d 526, 534 (E.D.N.Y. 2003) (citing cases). Nor has Nieves identified any waiver by the state. Thus, any

---

[2] Nieves also references 42 U.S.C. § 1988 in his Complaint. This statute, however, does not provide an independent cause of action. Moor v. Alameda Cty., 411 U.S. 693, 702-06 (1973); Weiss v. Violet Realty, Inc., 160 F. App'x 119, 119-20 (2d Cir. 2005) (citing cases).

claims against the State of Connecticut are dismissed pursuant to section 1915A(b)2 of title 28 of the United States Code.

Further, although he names Commissioner Semple and Warden Erfe, Nieves alleges no facts suggesting that either defendant created the statutes under which he was sentenced or decided his motion.  Accordingly, he fails to allege facts showing that either defendant was personally involved in his claims.  See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (personal involvement in alleged constitutional violation is prerequisite for award of damages).

## ORDERS

(1)    The Complaint is **DISMISSED** pursuant to section 1915A(b) of title 28 of the United States Code, without prejudice to Nieves pursuing the issues relating to his sentence in a habeas corpus action.[3]

(2)    The Clerk is directed to enter judgment and close this case.

**SO ORDERED.**

Dated this 10th day of December 2018 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[3] The court notes that such actions are governed by the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA).  See 28 U.S.C. §§ 2244, 2254.